## STATE v. GEORGE STATHOS.

(Filed 18 September, 1935.)

**Receiving Stolen Goods A b—In order to conviction under C. S., 4250, it is necessary that defendant have guilty knowledge, express or implied.**

In order for a defendant to be convicted of receiving stolen goods under the provisions of C. S., 4250, it is necessary that defendant have knowledge, express or implied, that at the time of the receiving the goods had been stolen, and a charge that such knowledge would be imputed to defendant if the circumstances at the time were sufficient to put a reasonably prudent man upon inquiry which would have disclosed the facts, is erroneous, the rule of the prudent man being applicable to civil actions but not to criminal prosecutions, and it being necessary for conviction that defendant himself have guilty knowledge, express or implied.

APPEAL by defendant from *Pless, J.,* at January Term, 1935, of FORSYTH. New trial.

The defendant was tried and convicted upon a bill of indictment charging that on 21 December, 1934, he "unlawfully, wilfully, feloniously did receive and conceal stolen goods, to wit: a certain violin, valued at about $300.00, the property of one Elizabeth Hanaman, he, the said George Stathos, well knowing the same to have been feloniously stolen, taken, and carried away, against the form of the statute in such case made and provided," and from judgment of imprisonment appealed to the Supreme Court, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Ingle & Rucker for defendant, appellant.*

SCHENCK, J. The appellant makes several exceptive assignments of error, but under the view we take of the case it is necessary to consider only that assignment which imputes error to that portion of the charge as follows: "If the State has convinced you beyond a reasonable doubt from the evidence that at the time he bought the violin the circumstances, facts, and the knowledge of the defendant were such as to let him know *or* to cause an honest man who intended to be reasonably prudent in his business transactions to inquire further before he received the violin, and he failed to do so and took the violin without making inquiry, although in possession of such facts, then, gentlemen of the jury, if you should find those facts, and find them beyond a reasonable doubt, it would be your duty to render a verdict of guilty."

C. S., 4250, under which the bill of indictment was drawn, makes guilty knowledge one of the essential elements of the offense of receiving

stolen goods. This knowledge may be actual, or it may be implied when the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen. However, while it is true that it is not necessary that the person from whom the goods are received shall state to the person charged that the goods were stolen, and while the guilty knowledge of the person charged may be inferred from the circumstances of the receipt of the goods, still it is necessary to establish either actual or implied knowledge on the part of the person charged of the facts that the goods were stolen. The question involved is whether the person charged had knowledge of the fact that the goods had been stolen at the time he received them, and not whether a reasonably prudent man in the transaction of his business would have gained such knowledge under the circumstances. The test is as to the knowledge, actual or implied, of the defendant, and not what some other person would have believed from the facts attending the receipt of the goods. *S. v. Hamilton* (S. C.), 164 S. E., 639; *S. v. Alpert,* 88 Vermont, 191; 53 C. J., 510-11.

While we recognize that there is a conflict in the authorities as to whether, in the absence of proof that the defendant actually knew the property was stolen, it is sufficient to sustain a conviction that at the time of receiving the stolen property the defendant had knowledge of facts sufficient to satisfy a man of ordinary prudence and intelligence that the property had been stolen, we are of the opinion that the knowledge of such facts is not sufficient to establish that the defendant did "receive any . . . property . . . knowing the same to have been feloniously stolen or taken," which is an essential element of the offense against which the statute inveighs. Although it may be the rule in civil actions that knowledge of such facts as are sufficient to put a reasonably prudent man on inquiry is equivalent to notice, and that a defendant may be held to know that which he would have known had he exercised that degree of care which a reasonably prudent man would have exercised under similar circumstances, such has never been declared to be the rule with us in criminal cases.

New trial.