STATE v. NELLIE MAY FERGUSON, PRINGLER FERGUSON, AND
JAMES K. ALEXANDER.

(Filed 25 November, 1953.)

**1. Searches and Seizures § 1—**

Where enforcement officers, upon stopping a car in a routine check of drivers' licenses, see nontax-paid whiskey in the automobile, they thereupon have absolute personal knowledge that there is intoxicating liquor in such vehicle which dispenses with the necessity of a search warrant, G.S. 18-6, G.S. 15-27, and evidence obtained by the search is competent.

**2. Intoxicating Liquor § 9d—**

Evidence disclosing that nontax-paid intoxicating liquor was found unconcealed on the floor-board back of the front seat of the automobile is sufficient to be submitted to the jury as to the guilt of the driver and of the passenger in the car in whose name the vehicle was registered, but as to other passengers of the car it is insufficient in the absence of any evidence of joint possession or control over the car or the liquor.

APPEAL by defendants from *Pless, J.,* and a jury, at 11 May Criminal Term, 1953, of MECKLENBURG.

Criminal prosecutions commenced by three separate warrants issued out of the County Recorder's Court charging that each of the three defendants did unlawfully "buy, possess, possess for the purpose of sale, retail and transport intoxicating liquors in violation of the Laws . . ." From convictions and judgments in the Recorder's Court, the defendants appealed to the Superior Court where upon consolidation of the cases for the purpose of trial they were tried *de novo.*

The State's evidence discloses that at about 8:15 o'clock p.m. on 22 March, 1953, two enforcement officers of the Mecklenburg County ABC Board stopped a Packard sedan near the Drive-in Theater on the Statesville-Charlotte highway. When the car stopped, the officers walked back to it and, looking in, saw on the floor-board back of the front seat a cardboard box containing 12 half-gallon fruit jars of white whiskey, upon which there were no revenue stamps of the State or Federal Government. The car was being operated by the defendant James K. Alexander. Side of him on the front seat was the defendant Pringler Ferguson. On the back seat were one Frank Gaston on the left and the defendant Nellie May Ferguson on the right. The whiskey was between Nellie Ferguson's feet, and the car was registered in her name.

These are the pertinent excerpts from the testimony of officer Moody: "We often stopped cars. We stopped him for a routine check-up of his driver's license. . . . I shined my flashlight in Alexander's face, and identified myself, and told him to pull over to the side of the road. . . . Officer Lowe examined Alexander's driver's license. . . . I walked back and looked in the car. . . . The right hand car door was opened, the one that Nellie May Ferguson was sitting beside. I saw the cardboard box and its contents in the floor-board of the . . . Packard sedan that was occupied by these three defendants, . . . This was a large 7-passenger Packard sedan with four or five feet of space between the seats. . . . I examined the contents of this . . . box and found therein 12 fruit jars containing nontax-paid white whiskey."

The defendants offered no evidence.

It was admitted by the State that its evidence was obtained without a search warrant. And the record discloses that after the jury was impaneled the defendants moved the court to suppress the State's evidence upon the ground it was incompetent and inadmissible for having been obtained without a search warrant. The court reserved its ruling, proceeded to hear the evidence, and at the close of the evidence denied the motion. To this ruling the defendants excepted.

The jury returned a verdict of guilty as charged as to each defendant, and from the judgments pronounced, all of them appealed, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Robert L. Emanuel, Member of Staff, for the State.*

*P. H. Bell and Charles V. Bell for the defendants, appellants.*

JOHNSON, J. The defendants' first exception challenges the refusal of the court to grant their motion to suppress the evidence because it was obtained without a search warrant. The exception is untenable.

G.S. 18-6 provides, in so far as is material here: ". . . that nothing in this section shall be construed to authorize any officer to search any automobile or other vehicle or baggage of any person without a search warrant duly issued, *except where the officer sees or has absolute personal knowledge that there is intoxicating liquor in such vehicle or baggage.*" (Italics added.)

The uncontradicted evidence here is that officer Moody stopped the car to make a routine check of the operator's driver's license. Following this, the officer saw and had absolute personal knowledge that there was intoxicating liquor in the automobile. This, by virtue of the express language of the statute, G.S. 18-6, dispensed with the necessity of a search warrant.

We have not overlooked the provisions of Chapter 644, Session Laws of 1951, now codified as a proviso to G.S. 15-27. The pertinent part of this statute is as follows: ". . . Provided, no facts discovered or evidence obtained without a legal search warrant in the course of any search, *made under conditions requiring the issuance of a search warrant,* shall be competent as evidence in the trial of any action." (Italics added.)

It thus appears that this statute, G.S. 15-27, by its express terms contemplates situations in which a search warrant is not necessary to conduct a legal search. Such a situation is presented by the express provisions of G.S. 18-6 where, as here, "the officer sees or has absolute personal knowledge" that there is intoxicating liquor in an automobile under investigation.

It necessarily follows that the defendants' exception based on refusal of the court to suppress the evidence must be overruled. Decision here reached is supported by *S. v. Harper,* 236 N.C. 371, 72 S.E. 2d 871, and cases there cited.

The defendants' remaining exception challenges the sufficiency of the evidence to carry the case to the jury over the defendants' separate motions for judgment as of nonsuit.

As to the defendant James K. Alexander, the driver, and the defendant Nellie May Ferguson, who owned the automobile, the exception is untenable under application of the principles explained and applied in this line of decisions: *S. v. Harper, supra; S. v. Elliott,* 232 N.C. 377, 61 S.E. 2d 93; *S. v. Meyers,* 190 N.C. 239, 129 S.E. 600. See also: *S. v. Brown, ante,* 260, 77 S.E. 2d 627; *S. v. Gibbs, ante,* 258, 77 S.E. 2d 779;

*S. v. Welch,* 232 N.C. 77, 59 S.E. 2d 199; *S. v. Merritt,* 231 N.C. 59, 55 S.E. 2d 804; *S. v. Epps,* 213 N.C. 709, 197 S.E. 580; *S. v. Norris,* 206 N.C. 191, 173 S.E. 14.

However, we are constrained to the view that the evidence does not make out a *prima facie* case against Pringler Ferguson. The evidence is silent in respect to when, where, or under what circumstances Pringler Ferguson entered the car. Nothing is shown respecting his or her relationship or association with the other occupants of the car—it does not even appear whether Pringler Ferguson is male or female. On this record he or she was a mere passenger in the automobile. That is not enough. To hold a mere passenger, knowledge of the presence in the automobile of contraband whiskey is insufficient. *S. v. Meyers, supra* (190 N.C. 239). See also *S. v. Ham, ante,* 94, 76 S.E. 2d 346. The evidence must be sufficient to support an inference of some form of control, joint or otherwise, over the automobile or the liquor. *S. v. Meyers, supra;* 48 C.J.S., Intoxicating Liquors, Sections 222 (b), 281, 346 and 376. There is no evidence that Pringler Ferguson had any control whatsoever over either the liquor or the automobile. The evidence does not support the hypothesis of joint possession of the liquor. See *S. v. Lee,* 164 N.C. 533, 80 S.E. 405.

The results, then, are:

As to the defendant Pringler Ferguson: Reversed.

As to the other defendants: No error.