STATE v. TOMMY TESSNEAR.

(Filed 18 September, 1957.)

**Criminal Law § 101: Intoxicating Liquor § 9d—Circumstantial evidence held sufficient to sustain conviction of violation of liquor control statutes.**

Evidence tending to show that defendant was seated beside the driver of a car, the owner being in the back seat, when the driver attempted to run over officers walking along a road not a public road, that a roadblock was set up, that all the occupants, when confronted with the roadblock, abandoned the car and ran, and that the officers, armed with a search warrant, found five gallons of nontaxpaid liquor in the car, with further evidence that the officers backtracked the car to a place at or near where they first heard it and there found tracks leading off to an illicit distillery that was still warm from recent use, *is held* sufficient to be submitted to the jury and support conviction of defendant of unlawful possession of intoxicating liquor and unlawful possession of intoxicating liquor for the purpose of sale, and to warrant consolidation of the prosecution with the prosecution of the driver of the vehicle.

APPEAL by defendant from *Clarkson, J.,* May, 1957 Term, RUTHERFORD Superior Court.

The defendant was tried in the Superior Court for three offenses against the liquor laws: (1) Unlawful possession, (2) unlawful possession for the purpose of sale, and (3) unlawful transportation. The court directed a verdict of not guilty on the third count and the jury returned a verdict of guilty on counts (1) and (2). The court imposed a prison sentence to begin at the expiration of sentences previously imposed and suspended on condition the defendant not violate the criminal laws. The prior sentences were ordered into execution because of the conviction in the instant case. The defendant appealed, assigning as error (1) the refusal of the court to enter a directed verdict of not guilty at the close of the evidence, and (2) the consolidation, over his objection, of the instant case with a like charge against Howard Martin.

*George B. Patton, Attorney General, and Harry W. McGalliard, Asst. Attorney General, for the State.*
*Hamrick & Hamrick,*
*By: J. Nat Hamrick, for defendant, appellant.*

PER CURIAM. From the bare record it is difficult to follow all steps, both in this case and in the prior hearings in which the suspended sentences were imposed. However, the defendant makes it clear that he relies altogether on his objection to the sufficiency of the evidence to take this case to the jury and to the consolidation. The State concedes that if the conviction in this case is set aside execution of the suspended sentences is not justified.

On the day of the arrest, four Rutherford County officers were making a search near the Polk County line. As they walked along an old woods road (not public) they heard a car start a few hundred yards away and as it passed them the driver attempted to run over them. The car was driven by Howard Martin. The defendant sat beside him on the front seat and Arthur Pritchard, the owner, was in the back seat. By means of a "walkie-talkie" other officers further along the old road were notified and they placed a roadblock in front of the car. When confronted with the roadblock, the occupants abandoned the car and ran. In the trunk of the car the officers found five gallons of nontaxpaid white liquor. They were armed with a search warrant. The officers backtracked the car to a place at or near where they first heard it and there found tracks leading off about 300 yards to an illicit distillery that was still warm from recent use.

The three men were together in a car hauling whisky on an old woods road, near the place where it was probably manufactured. The defendant ran at the same time and apparently as fast and as far as the driver and the owner. The evidence in this case is much stronger than in

*S. v. Ferguson,* 238 N.C. 656, 78 S.E. 2d 911, on which the defendant relies. The evidence was sufficient to warrant the consolidation and to take the cases to the jury.

No error.