STATE OF NORTH CAROLINA v. OSSIE SIMMONS

No. 708SC666

(Filed 30 December 1970)

1. Criminal Law § 84; Intoxicating Liquor § 12; Searches and Seizures § 1— warrantless seizure from car of plastic jugs containing whiskey — lawfulness

No search warrant was required for the seizure from defendant's car of white plastic jugs containing non-taxpaid whiskey where the jugs were in plain view of the officers from outside the car and no search was necessary for their discovery, and the trial court did not err in the admission of the whiskey and testimony relating to it. G.S. 18-6.

2. Intoxicating Liquor § 12— plastic jugs used to carry non-taxpaid whiskey — relevancy of testimony

In this prosecution for possession and transportation of non-taxpaid whiskey wherein defendant contended that officers unlawfully

seized plastic jugs containing non-taxpaid whiskey from his car without a warrant, testimony by officers that the type of jug observed in defendant's car was often used to carry non-taxpaid whiskey was relevant.

APPEAL from *Bundy, Judge,* 26 March 1970 Session of the Criminal Division of Superior Court of LENOIR County.

Defendant was charged with and convicted of possession and transportation of non-tax paid whiskey.

The testimony of the two arresting officers tends to show that Deputy Garris received a phone call at his home and that as a result of this phone call, he called Deputy Harper, met him at the Sheriff's Office, and went to the street where the arrest was made in order to watch for the car being driven by the defendant. Deputy Garris got out of the car to walk down the street and see if the car in question was approaching. While he was gone, Deputy Harper saw the car in question pull in behind an apartment building. Deputy Harper pulled in behind the car being driven by the defendant and told the defendant that he wanted to see him. "At that time, he jumped back into his car, put it in reverse, and backed into the patrol car. He did this several times . . ." Officer Garris then arrived on the scene. Officer Harper then testified that: "Ossie continued trying to get away from us by pulling. We put the handcuffs on him and put him in the back seat of the county car. I advised him of his rights." Officer Harper then testified that during the commotion, he saw a cardboard carton on the back seat of the defendant's car, that he saw two white plastic jugs on the floor of the back seat of defendant's car, and that the area was well lighted. "There were four white plastic jugs in the cardboard carton. I could see the tops of them. The lid was partly up on the cardboard carton and there were four white plastic jugs; and there were two sitting in the foot of the back seat of the same type. I could see these jugs prior to arresting Ossie. I could see them as soon as I got to the car before the arrest." The court then asked the witness if he saw the articles in question while still outside the car and the witness answered that he saw the articles from the sidewalk.

After the defendant was placed under arrest in the county car the deputies removed the jugs, opened them and verified the fact that they contained non-tax paid whiskey.

Officer Harper testified on cross-examination that: "I could not tell what was in the cardboard box other than the

plastic jugs; and I could not—by looking into the car—tell what was in the plastic jugs." On redirect examination the witness testified that: "I have seen plastic jugs like this before. Most of the non-taxpaid whiskey . . . OBJECTION. OBJECTION OVER-RULED. DEFENDANT'S EXCEPTION NO. 4. . . . that you get these days is in that type of jug. There were six jugs originally but a hole came in one in the Sheriff's office and it ran out on the floor."

The testimony of Officer Garris corroborated that of Officer Harper.

*Attorney General Morgan, by Staff Attorney Lloyd for the State.*

*Turner and Harrison, by Fred W. Harrison for defendant appellant.*

MORRIS, Judge.

[1] By the defendant's first assignment of error, he contends that it was error for the court to allow testimony concerning, and the introduction of, non-tax paid whiskey obtained without a search warrant over the defendant appellant's objection and motion to suppress. In *State v. Ferguson*, 238 N.C. 656, 78 S.E. 2d 911 (1953), two ABC officers stopped a car on a public highway. The officers walked back to the car and, looking in, saw on the floorboard back of the front seat a cardboard box containing 12 half gallon fruit jars of white whiskey, upon which there were no revenue stamps of the state or federal government. The officers testified that they were stopping cars in order to check driver's licenses. The Court said, quoting from G.S. 18-6, "that nothing in this section shall be construed to authorize any officer to search any automobile or other vehicle or baggage of any person without a search warrant duly issued, except where the officer sees or has absolute personal knowledge that there is intoxicating liquor in such vehicle or baggage." The Court further stated that the officer "saw and had absolute personal knowledge that there was intoxicating liquor in the automobile," and that it necessarily followed that the defendant's exception based on the court's refusal to suppress the evidence was overruled. "When the incriminating article is in plain view of the officers . . . no search is necessary and the constitutional guaranty does not apply." *State v. Colson*, 1 N.C. App. 339, 161 S.E. 2d 637 (1968). "What the officers saw through the windows of

State v. Simmons

the car by the aid of a flashlight without opening the doors of the car to search were competent in evidence." *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1967). "Where no search is required, the constitutional guaranty is not applicable. The guaranty applies only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure without a warrant where there is no need of a search, and where the contraband subject matter is fully disclosed and open to the eye and hand." *State v. Kinley,* 270 N.C. 296, 154 S.E. 2d 95 (1967).

The non-tax paid whiskey in this case was in plain view in the back seat of the defendant's car. The officers' uncontradicted testimony was that they saw the "white plastic jugs" from outside the car "during the commotion." *State v. Ferguson, supra,* held that seeing half gallon fruit jars through a car window in a cardboard box gave the officers both sight of and absolute personal knowledge of the presence of intoxicating whiskey in the automobile. The fact that such whiskey is now being transported in white plastic jugs rather than half gallon fruit jars does not lessen the impact of *State v. Ferguson, supra.*

The contraband material was in plain sight on the back seat and in the rear floorboard of defendant's car; the fact that it was in plain sight negated any requirement for a search warrant. We find no merit in the defendant's first assignment of error.

[2] Defendant's second assignment of error is that the court erred in admitting testimony of the officers that this type of plastic jug was often used to carry non-tax paid whiskey, because the fact that this type of jug was usually used to transport non-tax paid whiskey was not relevant. In our opinion the relevance of this evidence is too apparent to require discussion.

No error.

Judges BROCK and VAUGHN concur.