STATE OF NORTH CAROLINA v. JAMES C. ROBERTS

No. 7114SC355

(Filed 14 July 1971)

**1. Arrest and Bail § 3; Criminal Law § 84— arrest by ABC officers without warrant**

Where ABC officers, upon stopping a car in which defendant and his two companions were riding, observed three cases of taxpaid liquor on the back seat and, with the driver's consent, searched the trunk and found seven more cases of taxpaid liquor, the officers lawfully arrested defendant without a warrant, the possession of more than one gallon of spiritous liquors being in itself *prima facie* evidence of a violation of G.S. 18-32; consequently, in a trial of defendant for receiving stolen property, the court properly denied defendant's motion to suppress on the ground of illegal arrest evidence concerning the liquor found in the car and statements made by defendant to officers after his arrest. G.S. 18-39.2(a) ; G.S. 18-45(15).

**2. Receiving Stolen Goods § 5— receiving stolen taxpaid liquor — sufficiency of evidence**

The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of feloniously receiving taxpaid liquor knowing it to have been stolen.

**3. Receiving Stolen Goods § 6— instructions on guilty knowledge**

In this prosecution for receiving stolen property, the trial court erred in instructing the jury that the test of guilty knowledge is whether a reasonable man would or should have known or suspected that the goods were stolen, the test being whether the defendant knew them to be stolen, which may be established either by direct proof of actual knowledge or by showing such circumstances that the jury could reasonably conclude that defendant must have known the goods were stolen.

APPEAL by defendant from *Hobgood, Judge,* 4 January 1971 Session of Superior Court held in DURHAM County.

Defendant, James C. Roberts, and two others, Michael Anthony Karagelen and Jimmy Lee Perkins, were charged in

an indictment with: (1) felonious breaking and entering the building occupied by Alcoholic Beverage Control Store No. 7, 1616 S. Miami Blvd., Durham, N. C.; (2) felonious larceny therefrom of 30 cases of tax paid whiskey; and (3) receiving such whiskey knowing the same to have been feloniously stolen. Defendant Roberts pleaded not guilty. The State introduced evidence to show:

On the morning of 1 October 1970 the manager of Durham County ABC Store No. 7 discovered that 30 cases of whiskey were missing from the store's stockroom. The missing items included: four cases of Early Times, four cases of Old Taylor, three cases of Calverts, and six cases of Seagram's Seven, all in pints. The wholesale value of the 30 cases was $1,482.92 and all cases had been priced and marked with Durham County ABC Store Stamp No. 7.

On 12 October 1970 three ABC law enforcement officers stopped an automobile which was being driven on U.S. Highway 64 near its intersection with highway 55. Jimmy Lee Perkins was the driver of the automobile and Michael Anthony Karagelen and the defendant, James C. Roberts, were passengers in the front seat. On approaching the car, Officer L. B. Council noticed three cases of whiskey on the back seat. The top of the cases had been cut and the lid was up so that the whiskey bottles were visible. The whiskey had the Durham County ABC Store No. 7 stamp, code number, and a price. After advising the driver, Jimmy Lee Perkins, of his constitutional rights, Officer Council asked Perkins if there was any more whiskey in the car. Perkins gave Officer Council the keys to the trunk and consented to a search of the car. Seven more cases of whiskey were found in the trunk, bringing the total number of cases found in the automobile to ten, consisting of the following: two cases of Early Times, one case of Old Taylor, two cases of Calverts, and five cases of Seagram's Seven, all in pints. The wholesale value of the whiskey found in the car was $461.41.

The officers took all three defendants to the police station in Apex. After defendant Roberts was advised of his rights, he told the officers that he had $100.00 invested in the liquor in the car and was expecting $100.00 profit in return, but that he would rather not tell who he gave the $100.00 to. Prior to making this statement, and on first getting out of the car, defendant

Roberts had denied any knowledge of any whiskey in the automobile, saying he had been picked up by the other two defendants.

At the close of the evidence the court allowed defendant's motion for nonsuit as to the first two counts in the bill of indictment. Karagelen and Perkins pleaded guilty to the charge of receiving stolen property knowing the same to have been stolen. The jury returned a verdict finding defendant Roberts guilty of feloniously receiving stolen property knowing it to have been stolen, and from judgment imposing a prison sentence, defendant Roberts appealed.

*Attorney General Robert Morgan and Associate Attorney Walter E. Ricks III for the State.*

*Thomas F. Loflin III for defendant appellant.*

PARKER, Judge.

[1]  Appellant contends that his arrest was illegal and that therefore his motion to suppress all evidence concerning the whiskey found in the automobile and concerning his statements made to the officers following his arrest should have been allowed. This contention is without merit. By statute, ABC law enforcement officers "have the same powers and authorities within their respective counties as other peace officers," G.S. 18-45(15), and by G.S. 18-39.2(a) such officers are given the power to arrest without warrant any person violating in their presence any of the provisions of G.S. Chapter 18. Appellant and his two companions were found by the officers to be in possession of more than one gallon of spiritous liquors, which in itself constituted *prima facie* evidence of violation of G.S. 18-32. Three cases of whiskey were observed by the officers in plain view in the back of the car, and the trial judge found as a fact, based on competent evidence after a *voir dire* examination, that the driver of the automobile voluntarily consented to a search of the car's trunk. The record does not show that appellant made any objection to the evidence concerning the statement which he made to the officers that he had invested $100.00 in the whiskey, and he does not contend on this appeal that such statement was other than voluntarily made after he had fully been advised of his rights.

---

State v. Roberts

---

**[2]** Appellant's contention that his motion for nonsuit should have been allowed is also without merit. In our opinion there was sufficient evidence as to the charge contained in the third count in the indictment to require submission of that charge to the jury.

**[3]** Finally, appellant assigns as error the following portion of the court's instructions to the jury:

"The essential elements of the offense of receiving stolen goods are that the receiving of goods which have been feloniously stolen by some other person other than the accused with knowledge of the accused at the time of the receiving that the goods had been theretofore feloniously stolen, and the retention and possession of such goods was for felonious intent or with a dishonest motive. The existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which, if pursued, would disclose that conclusion."

This assignment of error must be sustained. *State v. Stathos,* 208 N.C. 456, 181 S.E. 273. The test is not whether a reasonable man would or should have known or suspected that the goods were stolen. Rather, it is whether the *defendant* knew them to be stolen. This may be established either by direct proof of actual knowledge on the part of the defendant or by showing such circumstances that the jury could reasonably conclude that he must have known that the goods were stolen. See *State v. Scott,* 11 N.C. App. 642, decided 14 July 1971. For the error in the charge, defendant is entitled to a

New trial.

Chief Judge MALLARD and Judge VAUGHN concur.