STATE OF NORTH CAROLINA v. ROBERT EDWARD HARRIS

No. 7114SC562

(Filed 20 October 1971)

**Criminal Law § 23— voluntariness of guilty plea**
The record on appeal from a housebreaking conviction affirmatively showed that the defendant voluntarily and understandingly pleaded guilty to the indictment.

APPEAL by defendant from *Hobgood, Judge,* 5 April 1971 Session of Superior Court held in DURHAM County.

*Attorney General Robert Morgan and Associate Attorney Ralf F. Haskell for the State.*

*Kenneth B. Spaulding for defendant appellant.*

HEDRICK, Judge.

The defendant Robert Edward Harris was charged in a bill of indictment, proper in form, with housebreaking.

The defendant, by two assignments of error, contends that his plea of guilty was not freely, understandingly and voluntarily entered.

The record reveals that the defendant, an indigent, represented by court-appointed counsel, Kenneth B. Spaulding, in open court entered a plea of guilty to the charge set out in the bill of indictment, and that the defendant signed the transcript of plea. The record further reveals that the court made the following adjudication:

### "ADJUDICATION

The undersigned Presiding Judge hereby finds and adjudges:

I. That the defendant, Robert E. Harris, was sworn in open Court and the questions were asked him as set forth in the Transcript of Plea by the undersigned Judge, and the answers given thereto by said defendant are as set forth therein.

II. That this defendant, was represented by attorney, Kenneth Spaulding, who was court appointed and the defendant through his attorney, in open Court, plead guilty to Housebreaking as charged in the bill of indictment and in open Court, under oath, further informs the Court that:

1. He is and has been fully advised of his rights and the charges against him;

2. He is and has been fully advised of the maximum punishment for said offense(s) charged, and for the offense(s) to which he pleads guilty;

3. He is guilty of the offense(s) to which he pleads guilty;

4. He authorizes his attorney to enter a plea of guilty to said charge(s);

5. He has had ample time to confer with his attorney, and to subpoena witnesses desired by him;

6. He is ready for trial;

7. He is satisfied with the counsel and services of his attorney;

And after further examination by the Court, the Court ascertains, determines and adjudges, that the plea of guilty by the defendant is freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ORDERED that his plea of guilty be entered in the record, and that the Transcript of Plea and Adjudication be filed and recorded.

This 8 day of April, 1971.

/s/ HAMILTON H. HOBGOOD
Judge Presiding"

It affirmatively appears in the record that the defendant voluntarily and understandingly pleaded guilty to a valid bill of indictment, and that the prison sentence imposed is within the limits prescribed by the applicable statute. We hold the defendant had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.