STATE OF NORTH CAROLINA v. CLARENCE THOMAS WATSON

No. 7110SC750

(Filed 15 December 1971)

1. Receiving Stolen Goods § 5— sufficiency of the State's evidence
    Issue of defendant's guilt of the offense of receiving a stolen television set was properly submitted to the jury.

2. Receiving Stolen Goods § 1— elements of the offense — knowledge that the goods were stolen
    Knowledge by the accused that the goods were stolen is an essential element of the offense of receiving stolen goods.

3. Receiving Stolen Goods § 6— instructions — guilty knowledge of defendant
    In a prosecution for receiving a stolen television set, an instruction which would allow the jury to find defendant guilty of the offense

State v. Watson

without finding beyond a reasonable doubt that the defendant had knowledge that the set had been stolen, *held* prejudicial error.

APPEAL by defendant from *Hobgood, Judge,* 19 July 1971 Criminal Session of Superior Court held in WAKE County.

The defendant Clarence Thomas Watson was charged in a three-count bill of indictment, proper in form, with felonious breaking and entering, felonious larceny and feloniously receiving stolen goods, in violation of G.S. 14-54(a), 14-72(b)(2) and 14-71.

Upon the defendant's plea of not guilty, the State offered evidence tending to show: During the month of February 1971, a Sears' color television with a value in excess of $200 was stolen from the home of Professor Raymond L. Murray in Wake County, North Carolina. On 8 February 1971, the defendant went to the IGA Grocery Store, Route 2, Wendell, North Carolina, where he asked the proprietor, Raymond Massey, if he would be interested in buying a television. The defendant and Raymond Massey left the IGA Grocery Store, got in an automobile driven by defendant's son, Roger Watson, and went approximately a half mile off the road down in a field to a tobacco barn. The defendant and his son, Roger Watson, got out of the car and opened the trunk. The Sears' color television stolen from Professor Murray was in the trunk. The defendant, his son, and Raymond Massey were the only persons who got out of the automobile. Massey agreed to buy the television set for $100. The defendant said his son wanted to sell the television because he needed the money. The three men got back in the car and returned to the store, where Massey paid Roger Watson, in the presence of the defendant, $100 for the television set.

The defendant testified in his own behalf that he had never been to Professor Murray's home nor had he ever stolen anything belonging to Mr. Murray. He testified that his son, Roger Watson, told him he had bought a television set and that he wanted to see if he could sell it. The defendant testified that he went to Mr. Massey's store and asked him to come out to the automobile to see his son. The defendant denied that he asked Mr. Massey if he wanted to buy a television set and denied that he sold him a television set. The defendant's son, Roger Watson, testified that the day before the defendant's

trial he had pleaded guilty to breaking and entering the home of Professor Raymond L. Murray and larceny in that home.

The jury found the defendant not guilty of the counts charging breaking and entering and larceny, and guilty of feloniously receiving stolen goods. From a judgment imposing a prison sentence of five years, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Richard N. League for the State.*

*McDaniel and Fogel by Sheldon L. Fogel for defendant appellant.*

HEDRICK, Judge.

[1]   The defendant assigns as error the court's denial of his motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. The essential elements of the offense of receiving stolen goods are the receiving of goods which had been feloniously stolen by some person other than the accused, with knowledge by the accused at the time of the receiving that the goods had been theretofore feloniously stolen, and the retention of the possession of such goods with a felonious intent or with a dishonest motive. *State v. Tilley,* 272 N.C. 408, 158 S.E. 2d 573 (1968). The evidence considered in the light most favorable to the State, and giving it the benefit of every reasonable inference to be deduced therefrom, is sufficient to require the submission of the case to the jury on the count charging the defendant with feloniously receiving stolen goods.

The defendant assigns as error the following portion of the court's final mandate to the jury:

"So, I charge you if you find from the evidence and beyond a reasonable doubt that about the 8th day of February, 1971, the defendant Clarence Thomas Watson with a dishonest purpose did receive the color television set, the property being the property of Raymond L. Murray worth more than $200.00, which you believe someone else had stolen it would be your duty to return a verdict of feloniously receiving stolen goods. However, if you do not so find or have a reasonable doubt as to any one or more of these

things, you will return a verdict—you will not return a verdict of guilty of feloniously receiving stolen goods."

[2, 3] Knowledge by the accused that the goods were stolen is an essential element of the offense of receiving stolen goods. *State v. Tilley, supra.* The challenged instruction would allow the jury to find him guilty of feloniously receiving the stolen television without its finding beyond a reasonable doubt that the defendant knew the Sears' color television set had been stolen. The judge's failure to instruct the jury that in order to convict the defendant of receiving stolen goods they must find beyond a reasonable doubt that the defendant knew that the television set had been stolen, plus the judge's inadvertent statement, "which you believe someone else had stolen," coming as it did in the court's final mandate to the jury, must be held to constitute prejudicial error, entitling the defendant to a new trial.

We do not discuss the defendant's additional assignments of error since they are not likely to occur on a retrial.

New trial.

Chief Judge MALLARD and Judge GRAHAM concur.