STATE OF NORTH CAROLINA v. JOHN MICHAEL FIDLER

No. 7219SC75

(Filed 23 February 1972)

1. **Criminal Law § 91— denial of continuance — lack of counsel — unsupported statements by defendant**

    In this prosecution for willful failure to support an illegitimate child, the trial court did not abuse its discretion in the denial of defendant's motion for continuance based upon defendant's unsupported statement that he had employed private counsel, that when he attempted to consult with counsel three days before trial, he discovered that she had left the State, and that he desired to obtain other counsel.

2. **Bastards § 2— failure to support illegitimate child — warrant**

    Warrant was sufficient to charge the offense of willful failure to support an illegitimate child in violation of G.S. 49-2.

3. **Criminal Law § 23— guilty plea — voluntariness — showing in the record**

    The acceptance of defendant's guilty plea will not be disturbed on appeal where it appears that the trial judge made careful inquiry of the accused as to the voluntariness of his plea, and there is ample evidence to support the judge's finding that defendant freely, understandingly and voluntarily entered the plea of guilty.

APPEAL by defendant from *Thornburg, Judge,* 9 August 1971 Criminal Session of CABARRUS Superior Court.

Defendant was tried in the Cabarrus County Domestic Relation's Court on 21 September 1970 on a warrant charging unlawful failure to provide "support for his minor child, . . .

the same being an illegitimate child begotten upon" Linda Kay Brown. He pleaded not guilty, was found guilty, and given a six months sentence suspended for five years upon paying costs and $12.50 per week for the use and benefit of the child. Defendant appealed to superior court. When the case was called for trial in that court on 12 August 1971, defendant informed the court that he had employed private counsel in November of 1970; that he had paid counsel $75.00; that when he attempted to consult with her three days before the trial, he discovered she had left the state; and that he had no funds to employ another attorney. Defendant moved for a continuance in order to obtain counsel. The motion was denied, defendant pleaded not guilty and the case went to trial. Defendant then changed his plea to guilty. After inquiry with respect to the plea and hearing evidence the court imposed a six months prison sentence from which defendant appeals.

*Attorney General Robert Morgan by Associate Attorney Ralf F. Haskell for the State.*

*Thomas K. Spence for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error defendant contends that the trial court's refusal to continue the case was a denial of due process under the Fourteenth Amendment of the Constitution of the United States. We do not agree with this contention. A motion for continuance is ordinarily addressed to the sound discretion of the trial court and therefore is generally not subject to judicial review absent a showing of gross abuse of discretion. *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967); *State v. Ferebee*, 266 N.C. 606, 146 S.E. 2d 666 (1966). The trial court in exercising its discretion in this case was presented only with the unsupported statement of defendant, with no affidavit submitted in support of the motion. No abuse of discretion appears. Defendant's contention that this denial violated his constitutional rights has no merit. In *State v. Green*, 8 N.C. App. 234, 174 S.E. 2d 8, 277 N.C. 188, 176 S.E. 2d 756 (1970), it was held that a charge of willful failure to support illegitimate children is not a serious misdemeanor requiring the appointment of counsel or an intelligent waiver thereof under the Sixth and Fourteenth Amendments to the United States Constitution. Defendant's first assignment of error is overruled.

[2]   Defendant next contends that the warrant under which he was charged was fatally defective. The warrant sufficiently charges the crime with reference to and in the language of the appropriate statute, averring all the essential elements of the crime which is a requirement for its validity. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970). Although surplus words are used in the warrant, it still sets forth the necessary language of the statute in substance and hence we hold it is not defective.

[3]   Finally, defendant contends that the guilty plea tendered by him was invalid for the reason that it was not freely and voluntarily given. The record reveals that defendant entered a plea of guilty in open court, that defendant signed the transcript of plea, and that the court made an adjudication that the plea was freely, understandingly and voluntarily made, all in compliance with the procedure approved in *State v. Harris,* 12 N.C. App. 570, 183 S.E. 2d 863 (1971). The acceptance of a defendant's guilty plea will not be disturbed on appeal where it appears that the trial judge made careful inquiry of the accused as to the voluntariness of his plea, and there is ample evidence to support the judge's finding that the defendant freely, understandingly and voluntarily pleaded guilty to the charges. *State v. Hunter,* 279 N.C. 498, 183 S.E. 2d 665 (1971). Defendant's contention has no merit and the assignment of error is overruled.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges BROCK and VAUGHN concur.