State v. Parker

STATE OF NORTH CAROLINA v. QUINTON PARKER

No. 7211SC522

(Filed 20 September 1972)

1. Criminal Law § 91— denial of motion for continuance — no error
    Defendant failed to show prejudicial error resulting from the denial of his motion for continuance in an action for aiding and abetting three persons in an attempted robbery with the use of firearms.

2. Criminal Law § 115— failure to instruct on lesser included offense — no error
    Where there was no evidence to support a conviction of assault, the trial court did not err in refusing to give instructions on the lesser included offense of assault in a prosecution for aiding and abetting in an attempted robbery with the use of firearms.

APPEAL from *Brewer, Judge,* 7 February 1972 Session of Superior Court held in JOHNSTON County.

Defendant was charged in a valid indictment with aiding and abetting three named persons, Terry Miles Barnum, Elwood Mitchell and Herman Ray Lewis, in an attempt to rob John K. Lee with the use of firearms.

The State presented the testimony of John K. Lee that two men whom he identified as Mitchell and Lewis, came to his front door at night and, while standing outside of his latched glass storm door, first inquired about someone named Lassiter. After being told there was no Lassiter there, Lewis turned to Mitchell and asked, "Is this the man?" Mitchell answered, "yes," whereupon Lewis pulled a gun and pointed it at Mr. Lee through the closed storm door. Mr. Lee then shut the front door and called the police. Terry Miles Barnum then testified for the State that he had been approached by the defendant who suggested that Barnum and Lewis rob Mr. Lee. At a later meeting of Barnum, Lewis, Mitchell and the defendant, the defendant discussed what should be done and gave Lewis a revolver and Mitchell some rope with which to tie up the intended victims. The defendant also drove the trio past Mr. Lee's residence and pointed it out to them. Barnum further testified that the defendant waited at an old store along the highway while Barnum drove Lewis and Mitchell back to the Lee residence. After about one and one half hours of surveillance, they returned to the defendant and told him the Lees had not returned home. The defendant directed them to return and wait for Lee, which they did. Elwood Mitchell was then called by the State and his testimony corroborated the evidence already presented and added details of the defendant's participation both before and after the abortive robbery.

Defendant offered no evidence. The jury found the defendant guilty, judgment was entered and defendant was sentenced to not less than twenty nor more than thirty years.

*Attorney General Robert Morgan by Assistant Attorney General Robert G. Webb for the State.*

*T. Yates Dobson, Jr., and J. R. Barefoot for defendant appellant.*

VAUGHN, Judge.

[1]   Defendant first contends that the denial of his motion for continuance was error. It is well settled that the granting or

denial of a motion for continuance rests in the discretion of the presiding judge and his decision will not be disturbed on appeal unless the defendant shows abuse of discretion or shows that he did not get a fair trial. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123; *State v. Fidler,* 13 N.C. App. 626, 186 S.E. 2d 656. The presumption is in favor of the regularity of the trial below and the burden rests upon the defendant to show error which was prejudicial to him. *State v. Partlow,* 272 N.C. 60, 157 S.E. 2d 688; *State v. Watson,* 13 N.C. App. 189, 185 S.E. 2d 33. The defendant has failed to make any showing of prejudicial error resulting from denial of his motion for a continuance.

[2] Defendant also asserts error in the judge's failure to instruct the jury that it might return a verdict on the lesser included offense of assault. The record presents no evidence tending to show that defendant, if not guilty of the crime charged, was guilty of an assault. This and defendant's remaining assignments of error are found to be without merit.

No error.

Judges PARKER and GRAHAM concur.