STATE OF NORTH CAROLINA v. LYMAN GRANT

No. 728SC699

(Filed 20 December 1972)

Receiving Stolen Goods § 6— instructions on guilty knowledge — reason-able belief that goods were stolen

> In this prosecution for feloniously receiving stolen goods, the trial court erred in instructing the jury that defendant had guilty knowledge if he "had good reason to believe" that the property was stolen.

APPEAL by defendant from *Cowper, Judge,* at the 13 March 1972 Session of LENOIR Superior Court.

Defendant was charged in ten bills of indictment with feloniously receiving stolen property knowing that said prop-erty had been feloniously stolen as a result of felonious breaking and entering. Without objection by defendant the cases were consolidated for trial. A jury found defendant guilty as charged in all cases and from prison sentences imposed, defendant ap-pealed.

*Attorney General Robert Morgan by Benjamin H. Baxter, Jr., Associate Attorney, for the State.*

*Turner and Harrison by J. Harvey Turner for defendant appellant.*

BRITT, Judge.

Defendant assigns as error numerous portions of the court's charge to the jury. Proper consideration of the instructions challenged requires a review of applicable authorities.

G.S. 14-71 provides in pertinent part: "If any person shall receive any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person *knowing the same* to have been feloniously stolen or taken, he shall be guilty of a criminal offense . . . . " (Emphasis added.)

In *State v. Brady,* 237 N.C. 675, 75 S.E. 2d 791 (1953), the court declared that the essential elements of the crime of receiving stolen goods which must be proven are as follows: (a) The stealing of the goods by someone other than the accused; (b) that the accused, *knowing them to be stolen,* received or aided in concealing the goods; and (c) continued such possession or concealment with a dishonest purpose. Our Supreme Court restated these elements in the recent case of *State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214 (1971).

Among the jury instructions challenged in the instant case are the following:

"Members of the Jury, Lyman Grant has been charged in ten separate warrants with the felonious receiving of goods of another knowing *or having reason to believe* that said property has been stolen by feloniously breaking and entering the building of another." (Emphasis added.)

\*     \*     \*

"Guilty knowledge may be inferred from incriminating circumstances, however, it is necessary that the defendant have such knowledge expressed and implied at the time and circumstances sufficient to put a reasonable, prudent man on inquiry which would have exposed the fact or cause the defendant to *reasonably believe* or know that the property had been stolen and stolen by means of breaking and entering. A *reasonable belief* or an implied knowledge." (Emphasis added.)

\*     \*     \*

"I charge you that to find the defendant guilty of feloniously receiving stolen goods the State must prove

five things beyond a reasonable doubt. (1) That the property named in each bill of indictment was stolen by someone other than the defendant. (2) That the defendant received the property. (3) That at the time he received it he knew *or had good reason to believe* that it was stolen and that it was stolen by means of breaking and entering. (4) That the defendant received the property with a dishonest purpose, and a dishonest purpose is a purpose to permanently deprive the owner of the property." (Emphasis added.)

In charging on each of the cases separately, the trial court included an instruction substantially as follows: " . . . and if the State has further satisfied you beyond a reasonable doubt that the defendant, Grant, knew *or had good reason to believe* that the property had theretofore been feloniously stolen . . . . " (Emphasis added.)

In *State v. Stathos,* 208 N.C. 456, 181 S.E. 273 (1935), the trial court charged the jury as follows: "If the State has convinced you beyond a reasonable doubt from the evidence that at the time he bought the violin the circumstances, facts, and the knowledge of the defendant were such as to let him know *or* to cause an honest man who intended to be reasonably prudent in his business transactions to inquire further before he received the violin, and he failed to do so and took the violin without making inquiry, although in possession of such facts, then, gentlemen of the jury, if you should find those facts, and find them beyond a reasonable doubt, it would be your duty to render a verdict of guilty." In declaring the instruction erroneous, the court said:

"C.S., 4250, (now G.S. 14-71) under which the bill of indictment was drawn, makes guilty knowledge one of the essential elements of the offense of receiving stolen goods. This knowledge may be actual, or it may be implied when the circumstances under which the goods were received were sufficient to lead the party charged to believe they were stolen. However, while it is true that it is not necessary that the person from whom the goods are received shall state to the person charged that the goods were stolen, and while the guilty knowledge of the person charged may be inferred from the circumstances of the receipt of the goods, still it is necessary to establish either actual or implied knowledge on the part of the person charged of

the facts that the goods were stolen. The question involved is whether the person charged had knowledge of the fact that the goods had been stolen at the time he received them, and not whether a reasonably prudent man in the transaction of his business would have gained such knowledge under the circumstances. The test is as to the knowledge, actual or implied, of the defendant, and not what some other person would have believed from the facts attending the receipt of the goods."

In *Stathos,* the court gave this further reason for the disapproval of the instruction: "Although it may be the rule in civil actions that knowledge of such facts as are sufficient to put a reasonably prudent man on inquiry is equivalent to notice, and that a defendant may be held to know that which he would have known had he exercised that degree of care which a reasonably prudent man would have exercised under similar circumstances, such has never been declared to be the rule with us in criminal cases."

In *State v. Miller,* 212 N.C. 361, 362, 193 S.E. 388 (1937), the court declared erroneous the following instruction: "The term 'knowledge,' gentlemen of the jury, is not so limited in its scope as to mean that a defendant must know to the extent of actually having seen the property stolen, but it means, gentlemen of the jury, that if the facts, the circumstances and the surroundings of the transactions at the time the property is received are such as to cause the *defendant to reasonably believe or know* that the property was stolen, then, gentlemen of the jury, that would constitute knowledge within the purview and intent of the statute."

In *State v. Scott,* 11 N.C. App. 642, 182 S.E. 2d 256 (1971) and *State v. Roberts,* 11 N.C. App. 686, 182 S.E. 2d 277 (1971), this court declared erroneous the following instruction: "The existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which, if pursued, would disclose that conclusion." See also *State v. Watson,* 13 N.C. App. 189, 185 S.E. 2d 33 (1971).

In view of the authorities cited, we hold that in the instant case the trial court erred in its jury instructions when it equated "a reasonable belief" with guilty knowledge. We repeat a state-

ment from *Stathos,* that "while the guilty knowledge of the person charged may be inferred from the circumstances of the receipt of the goods, still it is necessary to establish either actual or implied knowledge on the part of the person charged of the facts that the goods were stolen." However, "reasonable belief" and "implied knowledge" are not synonymous terms. *State v. Miller, supra.*

Defendant assigns other errors in the trial but we find it unnecessary to discuss them as a new trial will be necessary because of errors in the jury charge.

New trial.

Chief Judge MALLARD and Judge BROCK concur.