STATE OF NORTH CAROLINA v. T. G. BURCHFIELD

No. 7627SC231

(Filed 7 July 1976)

Receiving Stolen Goods § 6— instructions — reasonable grounds for believing goods stolen — crime prior to 1975 amendment to statute

    The trial court erred in instructing the jury that it could convict defendant of receiving stolen goods if it found defendant knew "or had reasonable grounds to believe" the goods were stolen where the offense allegedly occurred prior to the amendment to G.S. 14-71 effective on 1 October 1975.

APPEAL by defendant from *Falls, Judge.* Judgment entered 21 January 1976 in Superior Court, GASTON County. Heard in the Court of Appeals 14 June 1976.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, for the State.*

*Robert C. Powell, for defendant appellant.*

VAUGHN, Judge.

Defendant was convicted of feloniously receiving stolen goods. Judgment imposing a prison sentence of not less than 9 nor more than 10 years was entered. Since an erroneous portion of the charge requires that we order a new trial, we consider it unnecessary to set out the facts of the case.

---

**State v. Burchfield**

---

The judge, in his charge to the jury, repeatedly told the jury they might convict if they found ". . . defendant knew *or had reasonable grounds to believe* . . ." that the goods were stolen. Jury instructions of like import have been consistently disapproved when guilty knowledge was an element to be proved. In *State v. Grant*, 17 N.C. App. 15, 193 S.E. 2d 308, we held that the trial court had erred in instructing the jury in a prosecution for feloniously receiving stolen goods, when it said that the defendant had guilty knowledge if he "had good reason to believe" that the property was stolen. We based our opinion in that case, as we must in this one, on such relevant decisions as *State v. Miller*, 212 N.C. 361, 193 S.E. 388 and *State v. Stathos*, 208 N.C. 456, 181 S.E. 273.

> " 'To reasonably believe' and 'to know' are not interchangeable terms. While the latter may be implied or inferred from circumstances establishing the former, it does not follow that reasonable belief and implied knowledge are synonymous. The state must establish that the defendant received the goods 'knowing the same to have been feloniously stolen or taken,' and this is not necessarily accomplished by establishing the existence of circumstances 'such as to cause the defendant to reasonably believe' the goods were stolen. Knowledge connotes a more certain and definite mental attitude than reasonable belief, and whether knowledge is implied from circumstances sufficient to establish reasonable belief is a question for the jury." *State v. St. Clair*, 17 N.C. App. 22, 193 S.E. 2d 404.

The relevant statute, G.S. 14-71, "Receiving Stolen Goods," was amended to include the language "or having reasonable grounds to believe" as of 1 October 1975. The indictment in this case alleges the commission of the crime "on or about the 7th day of August, 1975." The defendant was therefore entitled to an instruction on the offense as defined in G.S. 14-71 prior to 1 October 1975. The judge's instruction, based on the statute as amended, was prejudicial and requires that we order a new trial.

Defendant's assignment of error, based on the failure to dismiss because of the alleged failure to conduct a preliminary hearing, is overruled.

Defendant's assignments of error, based on the alleged insufficiency of the verdict, are overruled. The verdict, as re-

turned by the jury and accepted by the court, was sufficient to support the judgment imposing punishment for feloniously receiving stolen goods.

The other alleged errors may not occur at the next trial of the case and will not be reviewed on this appeal.

For error in the charge, there must be a new trial.

New trial.

Judges MORRIS and CLARK concur.