STATE v. NORMAN GILES.

(Filed 19 April, 1961.)

**1. Arrest and Bail § 3—**

Where officers follow and "clock" a motorist travelling in excess of 55 miles per hour in a 30 mile per hour zone, the officers have a right to pursue and arrest the motorist without a warrant.

**2. Criminal Law § 79:   Searches and Seizures § 1—**

Where officers, pursuing a speeding defendant, continue to pursue on foot after defendant had abandoned his car, apprehend defendant and

return him to his car, where an officer smells some intoxicating beverage, and upon shining his light into the car, sees cases of liquor between the back seat, which had been pulled forward, and the "boot" of the car, the officers have a right to seize the liquor without a warrant, and the evidence obtained thereby is competent.

APPEAL by defendant from *McKinnon, J.,* September Regular Criminal Term 1960 of WAKE.

This is a criminal action in which the defendant pleaded not guilty to two counts in a bill of indictment charging him with (1) possession of nontaxpaid liquor, and (2) possession of nontaxpaid liquor for the purpose of sale, and to two warrants charging him with (1) the transportation of nontaxpaid liquor, and (2) driving at a speed of 55 miles an hour in a 35 miles per hour zone. By consent the cases were consolidated for trial.

The defendant was observed by Raleigh Police Officers Gilbert and Massey on 31 January 1960, at about 10:30 p.m., driving a 1953 Chevrolet automobile on New Bern Avenue in the City of Raleigh. The attention of the officers was attracted by the speed of the defendant's car. They followed him in their police car, clocking him at a speed of a little over 55 miles per hour. The officers turned on the red light and sounded the siren on their car and gave chase to the defendant, who pulled off New Bern Avenue into Pettigrew Street, then to Davie Street where it intersects with Rock Quarry Road, slid his car to a stop and jumped therefrom and ran. Officer Massey gave chase and caught the defendant about a block from his automobile. The defendant was handcuffed, returned to the place where the car was stopped and the officers examined his car. Officer Gilbert testified that he could smell the odor of some type of intoxicating beverage and, upon shining his light into the defendant's car, could see, between the back seat, which had been pulled forward, and the "boot," five cases, three of which contained jars with a liquid substance inside, and two of which were empty. The three cases were found to contain jars of nontaxpaid or "white" liquor, without tax stamps affixed.

The jury returned a verdict of guilty as charged, and from the judgments imposed the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General G. A. Jones, Jr., for the State.*

*W. H. Yarborough, Jr., Thomas W. Ruffin for defendant appellant.*

DENNY, J. The defendant assigns as error the admission of the

officers' testimony upon the premise that the evidence of the defendant's possession and transportation of nontaxpaid liquor was inadmissable. The defendant insists that the officers made an illegal and unlawful search of his car without a search warrant.

It is provided in G.S. 15-27 that, " * * * no facts discovered or evidence obtained without a legal search warrant in the course of any search, made under conditions requiring the issuance of a search warrant, shall be competent as evidence in the trial of any action."

It is also provided in G.S. 18-6 that no search warrant is required " * * * where the officer sees or has absolute personal knowledge that there is intoxicating liquor in such vehicle or baggage."

The defendant in operating his automobile in excess of 55 miles an hour in a 35 mile zone on the public streets in the City of Raleigh, committed a misdemeanor in the presence of the Raleigh Police Officers and they had a right to pursue him and arrest him without a warrant. Consequently, after the defendant was taken into custody, it was the duty of the officers to return to defendant's car and to see that it was taken care of and not abandoned. If, upon approaching the automobile, the officers detected the smell of liquor or other intoxicating beverages therein, it was their duty to take possession of the car and seize the liquor without first obtaining a search warrant. *S. v. Ferguson,* 238 N.C. 656, 78 S.E. 2d 911.

In the case of *S. v. Harper,* 236 N.C. 371, 72 S.E. 2d 871, this Court said: "Officers may acquire absolute personal knowledge of the presence of liquor in an automobile through the sense of seeing, smelling, or tasting. *S. v. Godette,* 188 N.C. 497, 125 S.E. 24; *S. v. Sigmon,* 190 N.C. 684, 130 S.E. 854; *S. v. Simmons,* 192 N.C. 692, 135 S.E. 866.

"Upon approaching the car, the officers smelled liquor. They looked into the car and saw and recognized two jars of contraband liquor uncovered and clearly visible on the back seat. It then became their duty under G.S. 18-6 to arrest the defendant, take his automobile in possession, and seize the liquor. (Citations omitted.) The officers, upon smelling and seeing the liquor, were in possession of sufficient personal knowledge that a crime was being committed in their presence to justify them in arresting the defendant without a warrant. (Citations omitted.)"

It is said in 79 C.J.S., Searches and Seizures, Section 68, subsection (a), page 845, *et seq.*: "Where an officer is where he has a right to be and becomes a witness to an offense which necessitates his acting as such officer, he may make the incidental search and seizure, but where he observes the offense after he has made an unlawful entry

a subsequent search and seizure without a warrant may be illegal." *S. v. Moore,* 240 N.C. 749, 83 S.E. 2d 912; *In re Phoenix Cereal Beverage Co.,* C.C.A. 2d N.Y., 58 F 2d 953; *Matthews v. Correa,* C.C.A. 2d N.Y., 135 F 2d 534; *Elder v. Camp,* 193 Ga. 320, 18 S.E. 2d 622; *Lee v. State,* 140 Tex. Cr. 155, 143 S.W. 2d 389; *S. v. Hoffman,* 245 Wisc. 367, 14 N.W. 2d 146. See also *Hart v. Commonwealth,* 198 Ky. 844, 250 S.W. 108; *Traylor v. State,* 111 Tex. Cr. 58, 11 S.W. 2d 318; *S. v. Vandetta,* 108 W. Va. 277, 150 S.E. 736.

In subsection (e) of the above cited Section of C.J.S., it is further said: "No search warrant is necessary in order to search the vehicle in which a person is riding at the time of his arrest for an offense committed in the presence of the officer, including a felony or a misdemeanor, and such a search is not unreasonable under the constitutional guaranty."

Likewise, it is said in 47 Am. Jur., Searches and Seizures, section 20, page 516: "Where no search is required, the constitutional guaranty is not applicable. The guaranty applies only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure without a warrant where there is no need of a search, and where the contraband subject matter is fully disclosed and open to the eye and hand."

This assignment of error is overruled.

The defendant's additional exceptions present no prejudicial error, and in the trial below we find

No error.