STATE v. JAMES F. KINLEY.

(Filed 3 May, 1967.)

**Searches and Seizures § 1—**

> Where, upon the arrest of defendant upon a fugitive warrant, an incriminating article is in plain view of the officers upon entering the room to which defendant admitted them, such article is properly admitted in evidence, since where no search is required the constitutional guaranty is not applicable.

APPEAL by defendant from *Brock, S.J.,* 24 October 1966 Conflict (C) Criminal Session of MECKLENBURG.

Defendant was arrested on a fugitive warrant in York County, South Carolina, and upon waiver of extradition was returned to Mecklenburg County, North Carolina, to answer indictment charging forgery and a separate count of uttering a forged instrument. Upon the trial of the case, the State introduced evidence tending to show that defendant on or about 11 June 1966 went to the Shuffletown Grocery on Highway 16 in Mecklenburg County and presented a check in the amount of $62.33, payable to Samuel R. Martin and signed by Jack B. Hyland. Above the signature purporting to be that of Jack B. Hyland was printed: "Jack B. Hyland Plumbing Company." The name "Samuel R. Martin" was indorsed on the back of the check, and defendant presented a North Carolina driver's license issued to Samuel R. Martin as proof of identification. In return for the check, W. W. Turner, an employee of Shuffletown Grocery, delivered merchandise in the amount of five or six dollars, and the balance in cash.

W. W. Turner testified for the State, identified the defendant as being the person representing himself to be Samuel R. Martin, and further testified: "I am saying that at the time I did not recognize him, but the man that gave me this check is him, and that's who signed the check."

One Samuel R. Martin testified that he had lost his billfold containing his driver's license sometime in 1965.

Jack B. Hyland testified that he is the sole proprietor of a plumbing company located on Davidson Street, Charlotte, North Carolina, and that he did not make out and sign the check presented to the Shuffletown Grocery, nor did he authorize anyone to make out and sign the check. He further testified that during June 1966 his place of business was broken into and a check writing machine and a number of his payroll checks were stolen therefrom. He also gave testimony tending to show that the check writing machine taken from his premises was used in writing the check given to Shuffletown Grocery.

Two officers from South Carolina testified that they arrested defendant in a motel room in York County, South Carolina, under a fugitive warrant. One of the officers, John Straight, testified: "I knocked on the door. He admitted me to the room. When the defendant came to the door and let me in the room I served a fugitive warrant on him. When I got into the room I saw the check writing machine on the dresser. . . . When I walked in this machine was in plain sight."

Further evidence was introduced tending to show the handwriting on the forged check was the handwriting of defendant.

Defendant offered no evidence. The jury returned a verdict of guilty on both counts and judgment was entered thereon. Defendant appealed.

*Attorney General Bruton and Deputy Attorney General Moody for the State.*

*T. O. Stennett for defendant.*

PER CURIAM. Defendant contends there was error in admitting State's Exhibit #2, the check writing machine, into evidence. The officer testified that the machine was in plain view and that he did not have to search to find the machine. In the case of *State v. Giles,* 254 N.C. 499, 119 S.E. 2d 394, Denny, J. (later C.J.), speaking for the Court, said:

> ". . . it is said in 47 Am. Jur., Searches and Seizures, section 20, page 516: 'Where no search is required, the constitutional guaranty is not applicable. The guaranty applies only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure without a warrant where there is no need of a search, and where the contraband subject matter is fully disclosed and open to the eye and hand.' "

Defendant further contends there is not sufficient evidence that

a forgery occurred in Mecklenburg County to repel his motion for nonsuit. The witness W. W. Turner identified the defendant and stated he was the person who signed the check cashed at Shuffletown Grocery. This evidence in connection with the other circumstances furnished plenary evidence to justify the denial of defendant's motion for nonsuit on the count of forgery.

We find no prejudicial error in the trial below.

No error.