## GARLAND EDWARD CRAWFORD *v.* STATE OF MARYLAND

[No. 521, September Term, 1969.]

*Decided July 2, 1970.*

---

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*J. H. Thomas, Jr.* (*Elizabeth T. Clark* on the brief) for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter D. Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

As a result of a search of the premises 608 West Biddle Street in Baltimore City under the authority of a search and seizure warrant, the police obtained evidence which served as the basis of convictions of Garland Edward Crawford by a jury in the Criminal Court of Baltimore of possession of narcotic paraphernalia (3rd count indictment 2151), and receiving stolen goods (4th count indictment 2156). He seeks reversal only of the judgment under indictment 2156.

The search warrant was issued upon affidavit showing probable cause that narcotic drugs and narcotic paraphernalia were being concealed in the premises 608 West Biddle Street. It commanded the police officer-affiant,

with the necessary and proper assistants, to search the premises for the property specified, to seize the property if found, and to arrest any persons found then and there engaged in the commission of a crime. Executing the warrant, the police found appellant alone in a third floor bedroom asleep. They found narcotic paraphernalia on a chair beside the bed and about 29 pawn tickets in the bedroom closet. One of the pawn tickets was for a radio that had been stolen in a breaking and entering and it was this radio which appellant was convicted of receiving.

Appellant presents only one question: "Did the court err in admitting into evidence the pawn tickets which were not particularly described in the search warrant under whose authority they were seized?"

We first note that appellant was also charged with maintaining a nuisance house or common nuisance under indictment 2152 and that indictment was tried jointly with 2151 and 2156. When the State offered the pawn tickets and the court overruled objection to them, it told the jury:

> "Now, members of the jury I am admitting this evidence consisting of pawn tickets containing as said the name Crawford, only as to the charge contained in indictment #2152 charging the defendant with maintaining a nuisance, a common nuisance, or a nuisance house. It is not being admitted for any other purpose or in any other case at this time."

Then after evidence had been adduced to show a breaking and entering as charged in indictment 2156 and to show that one pawn ticket was for a radio taken in that breaking, that one pawn ticket was admitted also as going to the charges in 2156 and the jury were so told. At the close of all the evidence the court granted a motion for judgment of acquittal as to indictment 2152. In its instructions to the jury it made clear that only the pawn ticket which was for the radio alleged to have been taken

in the breaking and entering charged was before them. The court further charged the jury that if they "should conclude that under the law the officers should not have taken the pawn ticket, then of course, in indictment #2156 you should not consider the pawn ticket or the radio. But if you find the officers had reasonable cause to seize the pawn ticket, and that the pawn ticket is evidence of the commission of another crime, then you will consider that evidence in the latter indictment #2156." With respect to all the pawn tickets except that one relating to indictment 2156, their admission, if error, was harmless. The court made clear to the jury that they were admitted only with regard to indictment 2152 and also made sufficiently clear to the jury that upon the court's acquittal of the offenses charged in indictment 2152, those pawn tickets were not to be considered in arriving at the verdicts under the indictments and counts thereof remaining.

The pawn ticket for the radio was relevant and material to the charges in indictment 2156 as tending to establish that appellant had possession of goods stolen in the breaking. It was properly admissible if legally obtained by the police. It was legally obtained if its seizure was reasonable. Its seizure was reasonable if made after fulfilling the probable cause and particularity requirements of the Fourth Amendment. "Mere evidence" may be so seized as well as fruits, instrumentalities, and contraband. *Warden v. Hayden,* 387 U. S. 294, 310. "There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior." *Id.,* at 307. If this nexus exists, the items the police may reasonably seize under a constitutionally valid warrant and search are not confined to those specifically designated in the warrant. *Anglin v. State,* 1 Md. App. 85, 88-90, and cases therein cited. We think that here the police had reason to believe that there was a nexus between the 29 pawn tickets and criminal behavior. The large number of pawn tickets, come by on a valid search, showed that it was necessary that appellant frequently required cash and it

was probable, in the light of the narcotic paraphernalia found in his possession by a legal search, that the cash was used to buy narcotic drugs, the possession and control of which are ordinarily unlawful. We find that the seizure of the pawn tickets was reasonable and hold that the court did not err in admitting them.

We observe that the lower court erred in permitting the jury to have the ultimate determination as to whether the seizure of the pawn tickets was reasonable. The admissibility of evidence obtained by a search and seizure claimed to be unreasonable is a matter exclusively for the court. See *Cleveland v. State,* 8 Md. App. 204; *Price v. State,* 7 Md. App. 131. But appellant was not prejudiced by the error; rather he received more than that to which he was entitled.

*Judgments affirmed.*