STATE OF NORTH CAROLINA v. CLINTON THOMPSON

No. 7216SC476

(Filed 2 August 1972)

1. **Criminal Law §§ 146, 161— necessity for exceptions — constitutional question — failure to raise in trial court**

In a prosecution for kidnapping, armed robbery and rape, defendant's failure to move to dismiss and to take an exception in the trial court on the ground that he was denied his constitutional right to a speedy trial precluded him from raising the issue for the first time on appeal, particularly where defendant did not show delay as a result of the State's wilfulness or neglect. Court of Appeals Rules 19 and 21.

2. **Criminal Law § 84— evidence obtained by allegedly unlawful search — motion to suppress**

After arraignment, but before trial, defendant was not entitled to a hearing on his motion to suppress evidence obtained from an allegedly unlawful search; rather, he should have made a motion to suppress at trial, thereby entitling himself to a *voir dire* hearing.

3. **Searches and Seizures § 1— admissibility of evidence obtained without search warrant — "plain view" items**

The admission into evidence of a bumper and two tires removed, without a search warrant, from defendant's automobile was not error as there was no search requiring a warrant involved in the seizure of items in plain view.

ON *certiorari* to review the judgments of *Canaday, Judge,* 1 March 1971 Session of Superior Court, ROBESON County.

Defendant Clinton Thompson was serving a ten-year sentence for a conviction unrelated to this appeal and was an honor grade prisoner when on 8 June 1968 he walked away from the prison unit where he had been confined. During the March 1969 Session of Robeson Superior Court, defendant was indicted under separate bills charging that on 10 March 1969, he raped Cynthia Locklear and robbed her boy friend with a pistol. The Robeson County grand jury returned another bill of indictment during the November 1969 Session charging defendant with kidnapping Cynthia Locklear on that same date. On 18 November 1969 defendant was apprehended in Georgia, and a detainer was filed against defendant with the North Carolina Department of Corrections requesting that he be held to answer the charges pending against him in Robeson County. Defendant waived extradition to this State on the day following his arrest. On 12 January 1970 a jury was called and sworn, counsel was appointed

to represent the indigent defendant, and he was arraigned on the capital felony of rape. Upon motion by the defendant for a continuance, he was ordered back to prison after having had an opportunity to confer with his attorney. On 9 March 1970 defendant on his own motion petitioned to quash the indictments "on the grounds of illegal search and seizure and improper identification." The motion was placed on the calendar for hearing and on 27 May 1970 Judge Brewer entered an order finding as a fact: "that the allegations contained in the petition or application set forth no probable grounds for relief requested, either in law or in fact; and . . . that the relief sought is not a proper legal question to be determined under the Post-Conviction Act"; and concluded that defendant's motion should be denied.

In reply to his letter, the solicitor informed the defendant on 12 June 1970 that the trial date had been delayed because one of the victims had just recently returned from military service overseas and that the case would be set for trial as as soon as possible. Defendant's appointed counsel also explained to defendant that he had no control over the calendar and that he would try the case as soon as it was called. On 12 January 1971 defendant moved for a continuance until the 8 February 1971 Session of Robeson Superior Court and on the following day, requested another postponement. On 13 January 1971 Judge Canaday ordered the case be continued until the 22 February 1971 Session. Defendant's oral motion to appoint additional counsel due to the gravity of the case was denied. Defendant then moved to dismiss his assigned counsel because "[w]e can't see eye to eye," and Judge Canaday allowed defendant's appointed attorney to withdraw. After several attorneys' names had been submitted as possible replacements, defendant expressed a desire to be represented by an attorney whose name was next on the list so the court entered an order accordingly. At trial on 1 March 1971, defendant entered pleas of not guilty to kidnapping and to armed robbery. The State announced that on the charge of rape, it would not seek a greater verdict than guilty of assault with intent to commit rape whereupon defendant also entered a plea of not guilty to this charge. Verdicts of guilty on all three offenses were returned by the jury, and judgments imposing prison sentences of 20-40 years, 20-25 years and 10-15 years respectively were entered thereon.

Defendant gave notice of appeal but due to an inability to file within the time allowed by our rules, this Court allowed his petition for certiorari on 15 February 1972.

*Attorney General Morgan, by Associate Attorney Kane, for the State.*

*William S. McLean for defendant petitioner.*

MORRIS, Judge.

[1] Defendant asserts for the first time on appeal that he was denied his constitutional right to a speedy trial. No motion to dismiss on these grounds was made at the trial level, and no exception was taken which would properly put this issue before us. Rule 19 and 21, Rules of Practice in the Court of Appeals of North Carolina; *State v. Hudson,* 281 N.C. 100, 187 S.E. 2d 756 (1972).

Even had this assignment of error been properly presented, defendant's contention is without merit in light of the recent decisions of our Supreme Court in *State v. Watson,* 281 N.C. 221, 188 S.E. 2d 289 (1972) ; *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972) ; and *State v. Harrell,* 281 N.C. 111, 187 S.E. 2d 789 (1972). Defendant has not shown the delay was a result of the State's wilfulness or neglect. To the contrary, defendant has demonstrated that the delays were unavoidable due to the unavailability of a witness for the State or caused by defendant himself who requested three continuances and who, after one year had passed, requested a new attorney. Defendant has shown no prejudice, and this assignment of error is overruled.

[2] By another assignment of error, defendant excepts to the entry of Judge Brewer's order denying his motion to quash the indictments and contends the court erred in failing to afford him a hearing on his motion to suppress. It is obvious from the record that because of the vague language in defendant's motion, Judge Brewer thought the motion to suppress was directed towards the trial in which defendant had already been convicted and had served part of his sentence prior to his escape in 1968. Consequently Judge Brewer treated defendant's motion as one under the Post-Conviction Hearing Act (G.S. 15-217, et seq.) and correctly denied it. *State v. White,*

274 N.C. 220, 162 S.E. 2d 473 (1968) ; *State v. Noles,* 12 N.C. App. 676, 184 S.E. 2d 409 (1971). It now appears on appeal that defendant desired a pretrial hearing to determine the admissibility of evidence seized in connection with the offenses for which he had not yet been tried. Defendant cites as authority *State v. Pike,* 273 N.C. 102, 159 S.E. 2d 334 (1968), which is clearly distinguishable and recognizes the trial court's duty to pass upon the validity of a search and the competency of evidence procured thereunder when *properly* made the subject of inquiry. See *State v. Woody,* 277 N.C. 646, 178 S.E. 2d 407 (1971). In the case at bar, defendant never moved to suppress the evidence at trial which would have entitled him to a *voir dire* hearing. Nor did he offer any evidence to contradict the State's evidence that the seizure was lawful. *State v. Altman,* 15 N.C. App. 257, 189 S.E. 2d 793 (1972). We find no merit in defendant's contention that due process entitles him to a hearing on his motion to suppress after arraignment but before trial. This assignment of error cannot be sustained.

[3]   The admission into evidence of a bumper and two tires removed, without a search warrant, from the automobile which defendant drove was not error since the evidence was not obtained as the result of an unreasonable search and seizure in violation of the Fourth Amendment to the Constitution of the United States. The automobile used in the commission of the crimes collided with a pine tree in making its getaway, and the tires left clear tracks in the clay soil at the scene of the crime. No interior search of the automobile was necessary in order to observe the pine bark and resin on the bumper or the tire treads which were clearly visible. No search warrant was needed to seize the items in plain view, and they were properly admitted into evidence. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970). Nor do we believe there was any error in admitting plaster casts of the tire prints into evidence.

Defendant was represented by competent and able counsel throughout this proceeding. He received a fair and impartial trial, and the sentences imposed were within the limits set by statute. We find

No error.

Judges VAUGHN and GRAHAM concur.