**UNITED STATES of America ex rel.
Richard Leroy MYLES, Petitioner,**

v.

**John J. TWOMEY, Warden, Respondent.**

**No. 72 C 1442.**

United States District Court,
N. D. Illinois, E. D.

Jan. 8, 1973.

Bruce Stratton, District Defender, John L. Barton, Asst. District Defender, Illinois Defender Project, Ottawa, Ill., for petitioner.

William J. Scott, Atty. Gen., Raymond McKoski, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND JUDGMENT ORDER

AUSTIN, District Judge.

Petitioner was convicted of the crime of burglary by the Illinois Circuit Court of Rock Island County and was sentenced to serve from five to fifteen years in the penitentiary. His conviction was affirmed on appeal and after exhausting his state remedies petitioner now seeks a writ of habeas corpus on the grounds that the evidence used to convict him was seized in violation of his fourth amendment rights. For the reasons stated below, this petition shall be denied.

On December 25, 1969, petitioner was arrested and charged with the burglary of a tavern. Immediately upon his arrest police searched petitioner's automobile and found whiskey, cigarets, and change meeting the description of items taken from the tavern. Petitioner was taken to jail and his car was taken to the police parking lot. On the following morning a police detective examined the outside of the car and found the trunk ajar about two inches. Through this space the detective could view various articles. The officer then obtained a search warrant on a complaint which specified that petitioner was unlawfully in possession of burglary tools, whiskey,

cigarets and change taken in a tavern burglary. Pursuant to the warrant the trunk was searched and several items removed including both old and foreign coins, an adding machine, two movie cameras, and numerous burglary tools. The adding machine bore no outward identification, but when another officer recalled that such a machine had been reported as stolen in a December 3, 1969 theft, the searching officer dismantled the machine to obtain the serial number. The machine turned out to be the one stolen on December 3, 1969. Petitioner was then indicted for the December 3 burglary and theft. After the trial, in which there was testimony demonstrating that the adding machine and old coins were seized from petitioner's car and that the adding machine and coins were taken from the premises burglarized on December 3, petitioner was convicted.

Petitioner herein asserts that the items admitted into evidence, i.e., the adding machine and coins, should have been suppressed because they were obtained as a result of an improper search and seizure since such items were not specifically described in the search warrant.

■ Although Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L. Ed. 231 (1927), indicates that there can be no lawful seizure of items other than those particularly described in a search warrant, the courts have carved out an exception to this rule when in the course of his search a police officer, having a valid search warrant for specified objects, comes across other articles of an incriminating nature that are in plain view. *See* Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968).[1] As stated by the Court in Coolidge v. New Hampshire, 403 U.S.

443, 467–468, 91 S.Ct. 2022, 2039, 29 L. Ed.2d 564 (1971):

> Where, once an otherwise lawful search is in progress, the police inadvertently come upon a piece of evidence, it would often be a needless inconvenience, and sometimes dangerous—to the evidence or to the police themselves—to require them to ignore it until they have obtained a warrant particularly describing it.

*Accord,* United States v. Honore, 450 F. 2d 31 (9th Cir. 1971), cert. denied, 404 U.S. 1048, 92 S.Ct. 728, 30 L.Ed.2d 740 (1972) (pair of license plates and carbine not described in the warrant and unrelated to the crime under investigation were validly seized); United States v. Zeidman, 444 F.2d 1051 (7th Cir. 1970) (seizure of a short barreled rifle was valid, even though the warrant made no specific mention of it); Ludwig v. Wainwright, 434 F.2d 1104 (5th Cir. 1970) (stolen property other than that specifically described in the warrant was validly seized); United States v. Berry, 423 F.2d 142 (10th Cir. 1970) (seizure of a sawed-off shotgun was valid, even though the warrant specified items taken in burglaries and did not include the gun); United States v. Hamilton, 328 F.Supp. 1219 (D.Del.1971).

■ Moreover, despite petitioner's assertions to the contrary, these cases stand for a proposition of law that remains valid even though Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), partially overruled Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947),[2] a case which held *inter alia* that a law enforcement agent making a valid search incident to a lawful arrest may seize property which is found on the premises being searched but which is the subject matter of a different crime. The continued vi-

---

1. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v.

United States, 390 U.S. at 236, 88 S.Ct. at 993.

2. Note that the 1947 *Harris* case is unrelated to the 1968 *Harris* opinion cited *supra.*

tality of that 1947 opinion was noted by the Seventh Circuit in United States v. Zeidman, *supra*, 444 F.2d at 1054:

> The thrust of *Chimel* was to impose a reasonable limitation on the physical scope of a search incident to arrest to the accomplishment of the lawful goals which justified its inception but *Chimel* does not limit the permissible evidentiary scope of the seizure items discovered while acting within the proper confines of the search.

Furthermore, the inadvertently discovered items need not be inherently unlawful, such as narcotics or a machine gun, but may indeed include outwardly innocent items that the searching officer has reason to believe may be stolen. Coolidge v. New Hampshire, *supra*;[3] Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), cert. denied Smith v. United States, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 (1969).

In the instant case, the search was conducted pursuant to a lawfully obtained search warrant and was directed in good faith toward the objects described in that warrant. Since the search was confined to the trunk of the automobile and lasted only fifteen minutes, it was clearly not a general, exploratory search. Furthermore, the searching officer had reasonable grounds to believe that the adding machine and the old and foreign coins were stolen property, regardless of whether they were stolen from the tavern or elsewhere. The officer knew that petitioner had been arrested in his car at the scene of a burglary and that some stolen goods had already been found in the car at the time of the arrest. Moreover, the adding machine and coins were found with numerous burglary tools, a check book,

3. Although the seizure in *Coolidge* was held invalid, the Court stated, 403 U.S. at 471, 91 S.Ct. at 2040: "The initial intrusion may, of course, be legitimated not by a warrant but by one of the exceptions to the warrant requirement, such as hot pursuit or search incident to lawful arrest. But to extend the scope of such an intrusion to the seizure of objects—not

and two movie cameras. Although possession of the above items is not inherently unlawful, under these circumstances the officer had good reason to suspect that the articles were stolen. Hence, they were validly seized.

Case dismissed.

contraband *nor stolen* nor dangerous in themselves—which the police know in advance they will find in plain view and intend to seize, would fly in the face of the basic rule that no amount of probable cause can justify a warrantless seizure."

