STATE OF NORTH CAROLINA v. JOHN RICHARD NEWSOM

No. 39

(Filed 12 December 1973)

Criminal Law § 84; Searches and Seizures § 1— warrant to search for marijuana — seizure of other items.

    Officers lawfully seized checks and currency while executing a warrant authorizing a search of defendant's apartment for marijuana, and the checks and currency were properly admitted in defendant's trial for armed robbery, where the currency was found co-mingled with patently contraband drugs and the checks were thrown from a window of the apartment after officers entered it, the officers having had reasonable grounds to believe that a connection existed between the items seized and criminal behavior.

APPEAL by defendant from *Crissman, J.,* 23 October 1972 Criminal Session, GUILFORD County Superior Court.

Criminal prosecution tried upon defendant's plea of not guilty, to an indictment charging him with robbery with firearms, a violation of G.S. 14-87.

The State's evidence may be summarized as follows: On 16 March 1972 at approximately 10:45 p.m., Mr. Clyde Kiker was in his store in Greensboro, North Carolina, when two men, masked by ladies' nylon hose, entered the store. One of the men was armed with a pistol, and by threatened use of the pistol, took from him cash and checks totaling $3,483.10. Mr. Kiker made a positive in-court identification of defendant as the man who threatened him with a pistol during the robbery.

At about 8:45 p.m. on the evening of 16 March 1972, officers of the Forsyth County Sheriff's Department procured a search warrant authorizing them to search an apartment leased by defendant and Frank Payne for marijuana. At about 1:15 a.m., armed with a search warrant, these officers went to Building 361, Apartment C, Glendare (King's Gate Apartments). They inspected the exterior and the surrounding grounds of the apartment. There were no open windows, and there were no papers or litter on the ground around the apartment. The officers knocked on the front door, identified themselves to Frank Payne, and advised him that they had a search warrant for the premises. The warrant was read to Payne, and the officers proceeded to search the apartment. They found defendant in a back bedroom on the second floor. In the middle of the floor of that bedroom was a white plastic bag containing loose currency, capsules, a bottle of pills and a white powder. The window in the bedroom was open, and the officers observed papers scattered on the ground below the window. These papers were later identified as checks taken from Mr. Kiker on the night of 16 March 1972.

The cash and checks along with the contraband drugs were seized and were admitted into evidence over defendant's objection and motion to suppress.

Defendant offered evidence in the nature of an alibi.

The jury returned a verdict of guilty of robbery with a firearm as charged in the bill of indictment. Defendant appealed from judgment sentencing him to imprisonment for a term of not less than twenty nor more than twenty-five years. The Court of Appeals affirmed, and defendant appealed to this Court pursuant to G.S. 7A-30(1).

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr. and Associate Attorney General Jones P. Byrd for the State.*

*Assistant Public Defender D. Lamar Dowda for the defendant appellant.*

BRANCH, Justice.

The only assignment of error which defendant seriously argues before this Court is that the trial judge erred by allowing

State v. Newsom

into evidence checks and currency seized pursuant to the execution of a search warrant authorizing a search for marijuana.

Defendant, relying on *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 18 L.Ed. 2d 782, 87 S.Ct. 1642, argues the checks and currency were improperly admitted into evidence because they were neither contraband nor fruits of a crime within the officers' knowledge at the time of seizure.

The Fourth Amendment of the United States Constitution intends to protect against unreasonable invasion of the "sanctity of a man's home and the privacies of life." *Boyd v. U. S.,* 116 U.S. 616, 29 L.Ed. 746, 6 S.Ct. 524.

A statement pertinent to decision of this question is found in *Warden, Maryland Penitentiary v. Hayden, supra,* viz:

" . . . The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the case of fruits, instrumentalities or contraband—between the item to be seized and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. In so doing, consideration of police purposes will be required. . . . "

Neither the Fourth Amendment protection nor our statutory law applies to situations where there is no search. *Ker v. California,* 374 U.S. 23, 10 L.Ed. 2d 726, 83 S.Ct. 1623; *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25. However, the limits of reasonableness which are placed upon searches apply with equal force to seizures, and whether a search or seizure is unreasonable depends on the circumstances of each case. *Preston v. U. S.,* 376 U.S. 364, 11 L.Ed. 2d 777, 84 S.Ct. 881; *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495.

In the case of *Abel v. United States,* 362 U.S. 217, 4 L.Ed. 2d 668, 80 S.Ct. 683, officers as an incident to an arrest of Abel, preliminary to his deportation on the ground of illegal residence in this country, seized a coded message which Abel was seeking to hide in his sleeve. Defendant sought to suppress this seized article upon his trial for conspiracy to commit espionage.

Rejecting his motion to suppress, the United States Supreme Court, in part, stated:

> "The other item seized in the course of the search of petitioner's hotel room was item (1), a piece of graph paper containing a coded message. This was seized by Schoenenberger as petitioner, while packing his suitcase, was seeking to hide it in his sleeve. An arresting officer is free to take hold of articles which he sees the accused deliberately trying to hide. This power derives from the dangers that a weapon will be concealed, or that relevant evidence will be destroyed. Once this piece of graph paper came into Schoenenberger's hands, it was not necessary for him to return it, as it was an instrumentality for the commission of espionage. This is so even though Schoenenberger was not only not looking for items connected with espionage but could not properly have been searching for the purpose of finding such items. When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for."

The case of *Crawford v. State,* 9 Md. App. 624, 267 A. 2d 317, is remarkably similar to the case before us for decision.

In *Crawford,* defendant appealed from his conviction of receiving stolen goods, contending that the trial judge erred by admitting into evidence a pawn ticket for a stolen radio. Appellant was convicted of receiving the radio described in the pawn ticket. This pawn ticket was seized by police officers while executing a search warrant authorizing a search for narcotics. The police found narcotic paraphernalia in defendant's bedroom and the challenged evidence among other pawn tickets in the bedroom closet.

In holding that the lower court did not err, the Maryland Court noting that "mere evidence" may be seized if there exist a nexus between the item seized and criminal behavior, *Warden, Maryland Penitentiary v. Hayden, supra,* reasoned:

> " . . . We think that here the police had reason to believe that there was a nexus between the 29 pawn tickets and criminal behavior. The large number of pawn tickets, come by on a valid search, showed that it was necessary that appellant frequently required cash and it was probable, in

the light of the narcotic paraphernalia found in his possession by a legal search, that the cash was used to buy narcotic drugs, the possession and control of which are ordinarily unlawful. We find that the seizure of the pawn tickets was reasonable and hold that the court did not err in admitting them."

See also *U. S. ex rel Myles v. Twomey*, 352 F. Supp. 180.

In instant case, there was no search involved in the seizure of the cash and checks. The officers who were legally upon the premises plainly saw the currency which was co-mingled with patently contraband materials. They also observed the checks scattered on the ground below an open window. The checks were not on the ground and the window was closed just before their entry into the apartment. At the time of seizure, it was reasonable for the officers to believe that the currency and checks were so related to the act of purchase or distribution of illicit drugs as to aid in the apprehension and prosecution of persons unlawfully dealing in those drugs. Further, the evident attempt to dispose of the checks was a circumstance which must have strengthened the officers' belief that a connection existed between the items seized and criminal behavior.

Under the circumstances of this case, the seizure of these suspicious objects which were in plain sight was reasonable.

We hold that the trial judge properly admitted the checks and currency into evidence.

Examination of the entire record failed to disclose error prejudicial to defendant, and further discussion of the remaining assignments is deemed unnecessary.

No error.