State v. Bembery

The judgment appealed from is

Affirmed.

Judges MARTIN and ARNOLD concur.

---

STATE OF NORTH CAROLINA v. DAN JUNIOR BEMBERY

No. 761SC797

(Filed 20 April 1977)

1. Searches and Seizures § 1— items in plain view — necessity for warrant

Where contraband is discovered in plain view, it may not be necessary to obtain a warrant in order to seize the item since the discovery of the item, the possession of which is illegal, furnishes reasonable grounds for seizure within the intendment of the Fourth Amendment.

2. Searches and Seizures § 1— items in plain view — applicability of Fourth Amendment — reasonableness

The Fourth Amendment does apply to the seizure of items in plain view, and the standard by which the constitutionality of a warrantless seizure is judged is the same standard of reasonableness by which the constitutionality of a warrantless search is judged.

3. Searches and Seizures § 1— tires in plain view — reasonableness of seizure

The warrantless seizure of allegedly stolen tires for the purpose of taking them to the owner for identification was reasonable where officers received information from a reliable informant that two tires stolen from a car dealership were in the possession of defendant and that defendant was in the process of putting them on his car; some 35 to 40 minutes later officers saw defendant preparing to put the tires on his car; and the tires were in plain view and matched the description of the stolen tires.

4. Larceny § 7— tires seized from defendant — identity as stolen tires

There was sufficient evidence to identify tires found in defendant's possession as tires stolen from a truck on a car dealership lot where the owner identified the tires as the ones stolen and there was testimony that the tires seized from defendant were the same size and type as those stolen, their serial numbers matched the one of the spare tire left on the vehicle from which the tires were stolen, the tires seized and those stolen had never been driven on a highway, and there were indentations, scratches and markings on the rims of the seized tires which indicated they had previously been mounted.

APPEAL by defendant from *Cohoon, Judge.* Judgment entered 27 May 1976 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 10 March 1977.

Defendant pled not guilty to a charge of felonious larceny.

The State's evidence tended to show that on the morning of 21 March 1975, Cecil Winslow, the only Ford dealer in Perquimans County, discovered that someone had removed from a Ranchero GT truck on his lot four Goodyear H 70-14, wide tires, together with hubcaps, rims, trim rings, and lug nuts. The items had been on the truck when Winslow had left the night before. Winslow notified Sheriff Broughton of the theft and the type of tires and rims stolen. This information was relayed to Sheriff Toppin of Chowan County. On 25 March 1975 Sheriff Toppin received a phone call from an informant, who stated that two of the tires that had been taken from Mr. Winslow's lot were in the possession of the defendant and that he was putting them on his automobile at one Bond's house. Sheriff Toppin and SBI Agent William Godley drove to the house of one Bond about 35 to 40 minutes later where they found the defendant and his car. A tire was lying on the ground beside the car and another was in the open trunk. The tires matched the description given to Sheriff Toppin. The tires were taken to Mr. Winslow who identified them as the ones stolen. Testimony identifying the tires seized as those stolen will be related in the opinion. Defendant was then arrested.

The tires were introduced in evidence at trial. Defendant moved to suppress the evidence on the ground that it was illegally seized. Sheriff Toppin and Agent Godley testified on *voir dire;* the motion was then denied.

Defendant was found guilty of misdemeanor larceny, and appeals from judgment imposing imprisonment.

*Attorney General Edmisten by Associate Attorney Catharine Biggs Arrowood for the State.*

*John V. Matthews, Jr., for defendant appellant.*

CLARK, Judge.

The first issue on appeal is whether the seizure of the tires in plain view was in violation of the provision of the Fourth Amendment of the Constitution of the United States

prohibiting "unreasonable searches and seizures." (Defendant has not questioned that exigent circumstances existed to seize the tires without warrant.)

The brief for the State cites case law for the proposition that the Fourth Amendment does not apply where no search is made, but that the limits of reasonableness apply to a seizure without a search. Since the proscription that searches and seizures not be unreasonable is found in the Fourth Amendment, it is clear that the cases relied upon by the State cannot have so broad a meaning as some of their language would seem to allow. The implication that police officers have the right to seize any item which comes into their plain view at a place they have a right to be is fraught with danger and would sanction the very intrusions into the lives of private citizens against which the Fourth Amendment was intended to protect. The Fourth Amendment applies to seizures as well as to searches.

Warrantless seizures of contraband found in plain view have been approved by the United States Supreme Court. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726 (1963); *United States v. Lee,* 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927). This principle was applied to the seizure of "mere evidence" in *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed. 2d 782 (1967), where clothing which matched the description of that worn by a robber was found in plain view while police were searching his home to arrest him. Although the court's main holding of the case is that "mere evidence" is not exempt from *search and seizure* under the Fourth Amendment, the court clearly was applying the Fourth Amendment to *seizure* of items discovered in plain view.

> ". . . The requirements of the Fourth Amendment can secure the same protection of privacy whether the search is for 'mere evidence' or for fruits, instrumentalities or contraband. There must, of course, be a nexus—automatically provided in the cases of fruits, instrumentalities or contraband—between the item to be *seized* and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. . . ." (Emphasis added.) 387 U.S. at 306-7, 87 S.Ct. at 1650, 18 L.Ed. 2d at 792.

See *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed. 2d 325 (1974), (plurality opinion found not unreasonable the seizure of paint scrapings from exterior of car and observation of tire tread design). The applicability of the Fourth Amendment to seizure of items found in plain view was forcefully enunciated in *Stanley v. Georgia,* 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed. 2d 542 (1969) (concurring opinion), wherein Justice Stewart wrote that the seizure, not the search, was unconstitutional, and that it was the particular purpose of the Fourth Amendment to protect the American people from "the general searches and unrestrained seizures that had been a hated hallmark of colonial rule. . . ." 394 U.S. at 569, 89 S.Ct. at 1250, 22 L.Ed. 2d at 552. See also *G. M. Leasing Corp. v. United States,* _____ U.S. _____, 97 S.Ct. _____, 50 L.Ed. 2d 530 (1977), (probable cause existed to seize automobiles in plain view) ; *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971), (plurality opinion limiting seizure of items in plain view to "incriminating objects") ; *Frazier v. Cupp,* 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed. 2d 684 (1969) ; *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed. 2d 1067 (1968) ; *United States v. Story,* 463 F. 2d 326 (8th Cir. 1972), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed. 2d 254 (1972).

[1]  The earliest North Carolina case which would allow the inference that the Fourth Amendment does not apply where there is a seizure without search is *State v. Giles,* 254 N.C. 499, 119 S.E. 2d 394 (1961), (seizure of contraband liquor discovered in plain view). The court quoted the following passage from 47 Am. Jur., Searches and Seizures § 20:

> " 'Where no search is required, the constitutional guaranty is not applicable. The guaranty applies only in those instances where the seizure is assisted by a necessary search. It does not prohibit a seizure *without a warrant* where there is no need of a search, *and* where the *contraband subject matter* is fully disclosed and open to the eye and hand.' " (Emphasis added.) 254 N.C. at 502, 119 S.E. 2d at 397.

However accurate this passage may have been at the time of its writing, in the light of the most recent Supreme Court decisions it can mean no more than this: Where *contraband* is discovered in plain view, it may not be necessary to obtain *a warrant* in order to seize the item since the discovery of the

item, the possession of which is illegal, furnishes reasonable grounds for seizure within the intendment of the Fourth Amendment. See Annot., 29 L.Ed. 2d 1067 (1972). The quoted passage seems to have confused the scope of the warrant requirement of the Fourth Amendment with the scope of the Amendment itself. It would be erroneous to reason, as the quoted passage did, that because seizure *without warrant* of some items discovered in plain view is constitutional, therefore no warrantless seizure of an item discovered in plain view is unconstitutional by reason of the Fourth Amendment. We note that the quoted passage is not contained in the sections devoted to the plain view doctrine in the current edition. See 68 Am. Jur. 2d, Searches and Seizures, §§ 23, 88 (1973).

The principle of *Giles* has been applied to contraband in other cases. *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972), (principle confined to seizure of contraband discovered in plain view) ; *State v. Simmons,* 278 N.C. 468, 180 S.E. 2d 97 (1971), (seizure must be reasonable) ; *State v. McCloud,* 276 N.C. 518, 173 S.E. 2d 753 (1970), (principle confined to seizure of contraband discovered in plain view) ; *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1967). Subsequent cases have also applied this principle to evidence other than contraband for which reasonable grounds to seize existed: (1) weapons and instrumentalities, *State v. Legette,* 292 N.C. 44, 231 S.E. 2d 896 (1977) ; *State v. Hoffman,* 281 N.C. 727, 190 S.E. 2d 842 (1972), (principle confined to seizure of "suspicious objects" discovered in plain view) ; *State v. Hill,* 278 N.C. 365, 180 S.E. 2d 21 (1971) ; *State v. Reams,* 277 N.C. 391, 178 S.E. 2d 65 (1970) ; *State v. Robbins,* 275 N.C. 537, 169 S.E. 2d 858 (1969) ; *State v. Kinley,* 270 N.C. 296, 154 S.E. 2d 95 (1967) ; *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967) ; *State v. Parks,* 14 N.C. App. 97, 187 S.E. 2d 462 (1972) ; (2) fruits or evidence, *State v. Riddick,* 291 N.C. 399, 230 S.E. 2d 506 (1976) ; *State v. Alford,* 289 N.C. 372, 222 S.E. 2d 222 (1976) ; *State v. Newsom,* 284 N.C. 412, 200 S.E. 2d 617 (1973), (seizure must be reasonable) ; *State v. Sharpe,* 284 N.C. 157, 200 S.E. 2d 44 (1973) ; *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970) ; *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969) ; *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376 (1968) ; *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968), (seizure must be reasonable) ; *State v. Shue,* 16 N.C. App. 696, 193 S.E. 2d 481 (1972) ; *State v. Thompson,* 15 N.C. App. 416, 190 S.E. 2d 355 (1972).

[2] We conclude that the Fourth Amendment does apply to the seizure of items discovered in plain view and that the standard by which the constitutionality of a warrantless seizure is judged is the same standard of reasonableness by which the constitutionality of a warrantless search is judged. *State v. Hoffman, supra.*

[3] In the present case the theft of the tires was discovered on 22 March 1975. Sheriff Broughton notified Sheriff Toppin of the theft and the type and size of tires. On 25 March 1975 Sheriff Toppin received a phone call from an informant who previously had furnished reliable information. The informant stated that two of the tires that had been taken from the Winston-Blanchard car lot were in the possession of the defendant and that he was in the process of putting them on his automobile at that time at one Bond's house. Approximately 35 to 40 minutes later Sheriff Toppin and Agent Godley arrived at the house of one Bond and saw the defendant apparently preparing to put the tires on his car. The tires were in plain view. The tires matched the description Sheriff Toppin received from Sheriff Broughton. In these circumstances, the seizure of the tires for the purpose of taking them to Mr. Winslow for identification was reasonable. *State v. Alford, supra; State v. Newsom, supra; State v. Howard, supra; State v. Shue, supra; State v. Thompson, supra.* Defendant's first assignment of error is without merit.

[4] The second issue is whether there was sufficient evidence to identify the property seized from the defendant as the property stolen from the Winslow-Blanchard Motor Company. Possession of stolen property shortly after the time of theft raises a presumption of the possessor's guilt of larceny of such property. *State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578 (1965). The presumption does not apply until the identity of the property is established. *State v. Jones,* 227 N.C. 47, 40 S.E. 2d 458 (1946). The tires seized from defendant were the same size and type as those stolen; their serial numbers matched the one of the spare tire left on the vehicle from which the tires were stolen; the tires seized and those stolen had never been driven on a highway; there were indentations, scratches, and markings on the rims of the tires seized which indicated they had been mounted; the color of the wheels seized was the same as the color allotted for wheels of a Ranchero GT. Mr. Winslow identified the tires and rims as the ones that were on his

vehicle when he left the car lot on 21 March 1975. We conclude that there was sufficient evidence to establish that the tires seized from defendant were those stolen from Winslow-Blanchard.

Defendant relies on *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966), but that case is distinguishable from the present one. There the owner of the stolen property could not identify the property introduced in evidence as his. In the present case Mr. Winslow identified the property as his and enumerated several recognizable features of the tires, which the owner in *Foster* did not do. Stolen property often consists of brand name products with few unique features. The presence of several shared identifying features may provide a sufficient basis to determine that the property possessed by the accused is that which was stolen. *State v. Hales,* 32 N.C. App. 729, 233 S.E. 2d 601 (1977); *State v. Crawford,* 27 N.C. App. 414, 219 S.E. 2d 248 (1975). Defendant's second assignment of error is without merit.

No error.

Judges BRITT and HEDRICK concur.